2015-1780 (La. 11/15/16)

**STATE EX REL. Kendrick WILLIAMS**

v.

**STATE of Louisiana**

No. 2015–KH–1780

Supreme Court of Louisiana.

11/15/2016

PER CURIAM:

Denied. Relator fails to carry his burden post-conviction of showing the state withheld agreements for leniency in exchange for the testimony of witnesses in violation of Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). We attach hereto and make a part hereof the District Court's written reasons denying relator's application and the Court of Appeal's written ruling.

Relator has now fully litigated two applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.

Attachment

**TWENTY–FOURTH JUDICIAL DISTRICT COURT**

**PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO: 03–6987

DIVISION "G"

STATE OF LOUISIANA

VERSUS

KENDRICK WILLIAMS

FILED: 5/22/15

/s/

**DEPUTY CLERK**

This matter comes before the Court on petitioner's **APPLICATION FOR POST-CONVICTION RELIEF, STAMPED AS FILED JANUARY 16, 2013.**

On July 22, 2004, the petitioner was convicted of LSA–R.S. 14:30.1, relative to second degree murder. On September 3, 2004, the court sentenced him to life imprisonment at hard labor. His conviction was confirmed on appeal. State v. Condley, Williams, 04–1349 (La.App. 5 Cir. 5/31/05), 904 So.2d 881; writ denied, 2005–1760 (La. 2/10/06), 924 So.2d 163.

The Court denied petitioner's previously-filed application for post-conviction relief on June 20, 2007. Petitioner now files another application for post-conviction relief and argues that the State withheld the true nature of deals of leniency for trial testimony of three witnesses, violating petitioner's due process rights. This Court finds that petitioner's claims are without merit.

First, Kendrick Williams claims that Joseph Washington received favorable sentencing treatment when he pled guilty in

case 03–0582 on June 20, 2006. However, the Joseph Washington who pled guilty in 2006 is a different Joseph Washington than the one who testified at the trial of Kendrick Williams. This conclusion is supported by the bill of information in case 03–0582, which shows Joseph Washington's date of birth as April 30, 1982. The Joseph Washington who testified at the Kendrick Williams trial was born on June 14, 1983.

Second, Kendrick Williams asserts that Rickey Cowart received favorable treatment; however, this claim is also without merit. The prosecutor in the Kendrick Williams case (Donald Rowan) and the prosecutor in the Rickey Cowart case (Frank Brandisi) both attest that no offer of favorable treatment was made in exchange for his testimony. Furthermore, Rickey Cowart testified at trial that he was promised nothing. This conclusion is supported by the fact that no mention of leniency was made in the transcript of Rickey Cowart's sentencing.

Exhibit E (in globo)

Judgment Denying Kendrick Williams

Post Conviction Relief Application

Third, Kendrick Williams claims that Lori Rimmer also received favorable sentencing treatment. However, the prosecutors who prosecuted both Kendrick Williams and Lori Rimmer (Donald Rowan and Paige Cline, respectively) assert that Rimmer was not promised favorable treatment in exchange for her testimony in the Kendrick Williams trial. This assertion is reflected in the transcript of Lori Rimmer's plea and sentencing.

Kendrick Williams has not offered any evidence to support his claims that any of the three witnesses received leniency in exchange for their testimony at the trial against him. Considering the foregoing, this Court finds that the petitioner, Kendrick Williams, has not met his burden of proving that he is entitled to post-conviction relief pursuant to La. C. Cr. P. art. 930.2.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petitioner's application for post-conviction relief be and is hereby DENIED.

E. ADRIAN ADAMS, DISTRICT JUDGE

Please serve Petitioner, Kendrick Williams, through his counsel of record:
Marcus A. Green
The Green Law Firm
931 Westwood Dr., Suite B
Marrero, LA 70072

# *Application For Writs*

# No. 15-KH-462

## COURT OF APPEAL, FIFTH CIRCUIT

## STATE OF LOUISIANA

JULY 23, 2015

_____
                                Deputy Clerk

STATE OF LOUISIANA
VERSUS
KENDRICK WILLIAMS

IN RE KENDRICK WILLIAMS

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE E. ADRIAN ADAMS, DIVISION "G", NUMBER 03-6987

Attorneys for Relator:

Marcus A. Green
Attorney at Law
931 Westwood Drive
Suite B
Marrero, LA 70072
(504) 328-3990

John S. Williams
Attorney at Law
4164 Canal Street
New Orleans, LA 70119
(504) 486-0300

Attorneys for Respondent:

Terry M. Boudreaux
Assistant District Attorney
200 Derbigny Street
Gretna, LA 70053
(504) 368-1020

**WRIT DENIED**
(See Attached)

Gretna, Louisiana, this 19th day of August, 2015.

"Exhibit - A"

Attachment                      VERSUS

STATE OF LOUISIANA

KENDRICK WILLIAMS

NO. 15–KH–462

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

### WRIT DENIED

Relator seeks review of the district court's May 18, 2015 denial of his application for post-conviction relief (APCR). He contends the district court erred in summarily denying his APCR without an evidentiary hearing.

Relator filed the APCR at issue in January 2013, claiming that the State made plea agreements with three witnesses who testified against Relator at trial and that the State withheld the true nature of these agreements from Relator. On February 14, 2013, the district court denied the application as untimely and successive. On March 26, 2014, this Court vacated the district court's ruling and ordered the district court to hold a hearing on the timeliness of Relator's APCR. This Court specifically noted that the issue of whether the facts upon which Relator's claim was predicated was known to either Relator or his attorney for purposes of determining the timeliness of the APCR was a factual issue that was not determinable without a hearing. *Williams v. Cain*, 13–933 (La. App. 5 Cir. 3/26/14) (unpublished writ disposition).

On remand, the district court ordered the State to file a response to Relator's APCR. In its response, the State addressed the merits of Relator's claims without challenging the timeliness of Relator's APCR. At a hearing on May 18, 2015, the district court summarily denied Relator's APCR on the merits of Relator's claims, finding that he had failed to meet his burden of proof under La. C.Cr.P. art. 930.2.

The district court issued reasons for its ruling on May 22, 2015. As to witness Joseph Washington, the district court found that the Washington who testified against Relator was different than the Washington who pled guilty in 2006, after Relator's trial. Thus, there was no merit to Relator's claim that witness Washington received a favorable plea agreement. As to witnesses Ricky Cowart and Lori Rimmer, the district court found that the prosecutors in both Relator's case and the witnesses' cases asserted, through affidavits, that no offer of favorable treatment was made in exchange for either witness' testimony against Relator.

We find no error in the district court's ruling on the merits of Relator's claims. In making its ruling, the district court relied on the evidence presented by the State in its written response to Relator's APCR, including the guilty plea forms and sentencing transcripts of the three witnesses, the affidavits of the prosecutors, and Relator's trial transcript concerning defense counsel's cross-examination of the three witnesses regarding any promises for lenient sentences in exchange for their testimony. This evidence showed that there was no favorable treatment offered or promised to the witnesses in exchange for their testimonies against Relator. The trial transcript shows that the prosecuting attorney represented to the trial court that there were no deals in place and the witnesses themselves testified there were no plea deals in place. Additionally, the prosecuting attorney of the witnesses attested there were no deals offered in the witnesses' cases. Further, the witnesses' sentencing transcripts fail to indicate any plea agreement in exchange for the witnesses' testimonies in Relator's trial.

We find that in light of Relator's APCR, the State's answer, and all the supporting documents no evidentiary hearing on the merits of Relator's claims was necessary. Accordingly, Relator's writ application is denied.

Gretna, Louisiana, this 19th day of August, 2015.

JUDGE MARC E. JOHNSON

JUDGE M. LAUREN LEMMON, PRO TEMPORE

CHIEF JUDGE SUSAN M. CHEHARDY

A TRUE COPY
GRETNA

AUG 1 9 2015

DEPUTY
CLERK
COURT OF APPEAL., FIFTH CIRCUIT

2016-1309 (La. 11/18/16)